# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. CR-20-307-JD |
| JUSTIN BIGGS, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. CR-21-282-JD |
| MITCHELL K. COATNEY, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. CR-22-209-JD |
| BLAINE DYER and JAMES ("JIMMY") DYER, | ) ) ) ) | |
| Defendants. | ) | |

## UNITED STATES' PROPOSED HEARING SCHEDULE

On January 31, 2024, the Court set the above cases for an evidentiary hearing on March 19, 2024, to resolve the issues of loss for purposes of the United States Sentencing

Guidelines, restitution owed to the Defendants' victim, Continental Resources, and related matters. (*See generally* Doc. 257.) In so doing, the Court directed the United States to take the lead in conferring with counsel for Defendants and present a proposed hearing schedule by March 11, 2024, to assist the Court in organizing the upcoming evidentiary hearing as to common and Defendant-specific issues. (*Id.* at 3 n.1.)

It is the United States' understanding that neither Defendant Mitchell K. Coatney nor Defendant Justin Biggs maintain any objections under the United States Sentencing Guidelines. In addition, counsel for Defendant Jimmy Dyer informed the United States via email on March 11, 2024, that he plans to withdraw his objection to a two-level enhancement for the co-conspirators' use of sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C).

Finally, counsel for Continental has informed the United States that it is not seeking any restitution from Mr. Coatney or Mr. Biggs, and that Continental has reached a restitution agreement with Mr. Jimmy Dyer.[1] As such, a determination as to loss amount and restitution is *only* pending as to Defendant Blaine Dyer.

In sum, the only remaining issues for the Court's resolution are:

Mr. Blaine Dyer (only):

- Loss Amount, U.S.S.G. § 2B1.1;

- Abuse of Trust/Use of Special Skill, U.S.S.G. § 3B1.3;

---

[1] It is the United States' understanding that Mr. Jimmy Dyer's agreement with Continental was reached on Friday, March 8, 2024. The undersigned sent counsel for Mr. Jimmy Dyer a proposed joint notice and order that same day, and are awaiting his response.

2

- Organizer or Leader Role, U.S.S.G. § 3B1.1(a); and

- Restitution, 18 U.S.C. § 3663A.

Mr. Blaine Dyer *and* Mr. Jimmy Dyer:

- Forfeiture, 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 28 U.S.C. § 2461.

As set forth in the parties' respective offers of proof, several witnesses will speak to more than one of the above issues. (*See* Docs. 267, 268.) It is therefore the position of the parties that witnesses be called in the following order to address the topics set forth in those offers of proof [2]:

Witnesses for the United States:

1. FBI Special Agent Jason Wildeman
2. Mark Oekerman
3. Matt Simmons

Witnesses for both the United States and the Defense:

4. Mitchell K. Coatney

Witnesses for the Defense:

5. Blaine Dyer
6. James ("Jimmy") Dyer
7. Justin Biggs

---

[2] Defendants Blaine and Jimmy Dyer filed an offer of proof that generally alleges testimony as to "all facts and circumstances," of the case, including "how the locations of all drilling sites were obtained." (Doc. 267 at 1.) The United States objects to any testimony that does not specifically address the aforementioned sentencing determinations as irrelevant and a waste of the Court's time, and will do so at the hearing; this is a sentencing; not a trial on the merits.

3

At the conclusion of evidence, the parties request that Mr. Blaine Dyer and the United States each receive 30 minutes to argue these issues. The United States suggests that it and Mr. Jimmy Dyer each receive 10 minutes to argue the only issue that remains pending as to Mr. Jimmy Dyer—the amount of ill-gotten gains that Mr. Jimmy Dyer must forfeit to the United States via money judgment. It is the United States' understanding that neither counsel for Mr. Coatney nor counsel for Mr. Biggs wish to be heard in this matter, and that they will reserve any comments for their clients' respective sentencing hearings.

    Respectfully submitted,

    ROBERT J. TROESTER
    United States Attorney

    *s/ Julia E. Barry*
    JULIA E. BARRY
    BRANDON HALE
    D.H. DILBECK
    Assistant United States Attorneys
    210 Park Avenue, Suite 400
    Oklahoma City, Oklahoma 73102
    (405) 553-8806 (Office)
    (405) 553-8888 (Fax)
    julia.barry@usdoj.gov
    brandon.hale@usdoj.gov
    dale.dilbeck@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Justin Lowe and Michael Johnson, counsel for Blaine Dyer
Robert Don Gifford, II, counsel for James ("Jimmy") Dyer
William H. Bock, counsel for Justin Biggs
Jay Husbands, counsel for Mitchell K. Coatney

*s/ Julia E. Barry*
Assistant United States Attorney